(45 Misc. Rep. 237.)

PEOPLE ex rel. UNITED STATES STANDARD VOTING MACHINE CO.
v. CITY OF GENEVA et al.*

(Supreme Court, Special Term, Monroe County. November, 1904.)

1. MUNICIPAL CORPORATIONS—RESOLUTIONS—PASSAGE OVER VETO.

Under Geneva City Charter (Laws 1897, p. 431, c. 360) § 30, providing that the common council may within 10 days thereafter pass an ordinance or resolution over the mayor's veto by a vote of two-thirds of the members then in office, it is necessary that the original resolution shall be so passed, or a resolution containing all the provisions of the original resolution.

2. SAME—EXTRAORDINARY EXPENDITURES.

Under the section of a city charter providing that, whenever the council shall resolve by a two-thirds vote that an extraordinary expenditure for the benefit of the city should be made, the question shall be submitted to the taxpayers at a special election, an expenditure for voting machines is an extraordinary expenditure.

Application by the people, on the relation of the United States Standard Voting Machine Company, for a writ of mandamus to the city of Geneva and others. Denied.

The city of Geneva is a city of the third class, incorporated by chapter 360, p. 422, of the Laws of 1897. The act, among other things, provides that the

---

*Affirmed in 90 N. Y. Supp. 275.

common council shall consist of 13 members—12 aldermen and a president—all of whom are elective officers. The mayor has the right to veto all resolutions passed by the common council within 10 days after passage, except such as relate to organization, etc., and, in case the right is exercised, he is required to transmit to the council, in writing, his veto, and his reasons therefor. "The common council may, within ten days thereafter, pass such ordinance or resolution over his veto, by a vote of two-thirds of all the,members thereof in office." Charter, § 30 (Laws 1897, p. 431, c. 360). April 5, 1904, the common council of the city of Geneva, by a vote of eight to two, passed resolutions adopting voting machines for use at elections in the city of Geneva; instructing the mayor and city clerk to enter into a contract with the voting machine company for the purchase of six machines, and directing the mayor and city clerk to issue bonds to the amount of $3,000 in payment for the machines. Within 10 days thereafter the mayor vetoed the resolutions in the manner provided by the statute. At a regular meeting held April 19, 1904, the common council passed the following resolution: "Whereas, the common council of the city of Geneva did, by a resolution, direct the purchase of six voting machines for use in said city, and whereas, the mayor of said city has vetoed such resolutions, now, be it resolved that the mayor of the city or clerk of the said city be authorized and directed to purchase said machines, and to execute contracts therefor, in accordance with the terms and conditions of the resolution previously passed." This resolution was adopted by a vote of nine to two, and, upon the refusal of the mayor and city clerk to execute the contracts in question, an order was applied for and obtained by the relator, requiring the mayor and city clerk to show cause why a peremptory writ of mandamus should not issue to compel them to execute the contract as directed by these resolutions.

Wm. S. Moore, for relator.
W. Smith O'Brien, for respondents.

NASH, J. I am of the opinion that the resolution passed over the veto of the mayor by the common council should have been the original resolution, containing substantially all of the provisions of the original resolution, so that by reference to it, without referring to any previous action of the common council, the power or authority conferred would appear.

But I think the proposed expenditure an extraordinary one, and that the common council should have proceeded as required by section 141 of the charter (Laws 1897, p. 470, c. 360). That section provides that whenever the common council shall resolve, by the affirmative vote of two-thirds of its members, that an extraordinary expenditure ought, for the benefit of the city, to be made, proceedings shall be taken to submit the question to the taxpayers at a special election. The section does not confer upon the common council the power to determine what is an extraordinary expenditure. The provision is simply that, when the common council resolve that such an expenditure ought to be made, it shall make an estimate and proceed as directed. The charter does not define what is or is not an extraordinary expenditure. That is left to be inferred from the provisions of the charter relating to the subject of expenditures generally. It would seem that an expenditure which is not for any of the purposes expressly authorized by the charter must be regarded as extraordinary. Motion for the writ denied, with $10 costs.

Motion denied, with $10 costs.